NATIONAL BANK OF PAOLA v. RICHARD HAMPSON, *as*
*Administrator of the Estate of John Morris, deceased,*
*et al.*

No. 119.

INSTRUCTIONS—*Conflicting Testimony.* · Where the evidence in a
cause is conflicting, it is the duty of the trial court to instruct the
jury upon all questions upon which there is a conflict of testimony.

MEMORANDUM.—Error from Miami district court;
JOHN T. BURRIS, judge. Action by The National Bank
of Paola against Richard Hampson, as administrator
of the estate of John Morris, deceased, and others,
on a note and mortgage. Judgment for defendants.
Plaintiff brings the case to this court. Affirmed. The
opinion herein, filed July 13, 1896, states the material
facts.

*W. H. Browne,* for plaintiff in error.

*Crossan & Lane,* and *John C. Sheridan,* for defend-
ants in error.

The opinion of the court was delivered by

COLE, J.: This action was brought upon a note,
and mortgage upon real estate, given by John Morris
and wife. Prior to the commencement of the action
John Morris died intestate, and the defendant in error,
Richard Hampson, was duly appointed and qualified
as administrator of his estate. In his answer, the
administrator admits the execution of the note and
mortgage, and alleges that they were executed as col-
lateral security only for two other notes, and that the
plaintiff in error had converted to his own use a cer-
tain stock of goods and certain notes and accounts,
the proceeds of which more than canceled the indebt-
edness. Answers were also filed by some of the heirs
of the deceased, alleging the same defenses as those

set up by the administrator, and also the further defense that the note and mortgage sued upon in this action had been obtained by false representation, threats, and coercion, and at a time when John Morris was of unsound mind. Plaintiff in error, by way of reply, admitted that the note and mortgage sued upon were held as collateral, and set up an account of the amount received and expenses incurred in the sale of the stock of goods referred to, and claimed a balance still due of some $1,100. Upon the trial of the cause plaintiff had judgment for $350.07, and it brings the case here for review, alleging that said judgment was for a much less amount than it should have been.

There is but one question raised by the briefs of counsel in this case. It is claimed by the plaintiff in error that the trial court erred in submitting to the jury instructions upon the question as to whether the chattel-mortgage sale was legal or not, and the objection to the instruction upon this question is made upon the theory that there was no evidence to sustain the defense that plaintiff in error had converted the goods covered by the chattel mortgage and had failed to give the proper notice of the sale of the same, and therefore the question should not have been submitted to the jury. We cannot sustain this objection. There was evidence offered tending to prove the conversion of the stock of goods, and also further evidence tending to prove that proper notice of the sale of said goods under the chattel mortgage was not given. While we do not pretend to pass upon the comparative weight of the evidence offered by each party with reference to these questions, it is clear there was sufficient evidence to entitle the questions to be submitted to the jury. Whenever there is sufficient evidence to submit a question to the jury, it is proper for

the court to instruct the jury upon the law governing them in the decision of such question.

The judgment of the district court is affirmed.

All the Judges concurring.